Charles M. Lizza
Sarah A. Sullivan
Alexander L. Callo
SAUL EWING LLP
One Riverfront Plaza, Suite 1520
Newark, NJ 07102-5426
(973) 286-6700
clizza@saul.com

*Attorneys for Plaintiff*
*Abraxis BioScience, LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **ABRAXIS BIOSCIENCE, LLC,** | Civil Action No. _____ |
| **Plaintiff,** | |
| v. | **COMPLAINT FOR PATENT INFRINGEMENT** |
| **QILU PHARMACEUTICAL (HAINAN) CO., LTD.,** | **(Filed Electronically)** |
| **Defendant.** | |

Plaintiff Abraxis BioScience, LLC ("Abraxis" or "Plaintiff"), by its undersigned attorneys, for its Complaint against defendant Qilu Pharmaceutical (Hainan) Co., Ltd. ("Qilu" or "Defendant"), alleges as follows:

### Nature of the Action

1.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §100, *et seq.*, arising from Qilu's submission of Abbreviated New Drug Application ("ANDA") No. 220144 ("Qilu's ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to manufacture, use, import, distribute, offer to sell, and/or sell a generic version of Abraxane® (paclitaxel protein-bound particles for injectable suspension) drug product ("Qilu's ANDA Product") prior to the expiration of United States

- 1 -

Patent Nos. 7,758,891 ("the '891 Patent"), 8,034,375 ("the '375 Patent"), 8,268,348 ("the '348 Patent"), 9,101,543 ("the '543 Patent"), 9,393,318 ("the '318 Patent"), 9,511,046 ("the '046 Patent"), and 9,597,409 ("the '409 Patent") (collectively, the "Patents-in-Suit"), owned by Plaintiff.

### The Parties

2.    Abraxis is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Route 206 and Province Line Road, Princeton, NJ, 08543.

3.    On information and belief, Qilu is a corporation organized and existing under the laws of China with its principal place of business at Room A, No. 273, Nanhai Boulevard, State Hi-and-New Tech Park, Haikou, Hainan, 570314, China.

### The Patents-in-Suit

4.    On July 20, 2010, the United States Patent and Trademark Office ("PTO") duly and lawfully issued the '891 Patent, titled, "Combinations and Modes of Administration of Therapeutic Agents and Combination Therapy." A copy of the '891 Patent is attached hereto as Exhibit A.

5.    On October 11, 2011, the PTO duly and lawfully issued the '375 Patent, titled, "Combinations and Modes of Administration of Therapeutic Agents and Combination Therapy." A copy of the '375 Patent is attached hereto as Exhibit B.

6.    On September 18, 2012, the PTO duly and lawfully issued the '348 Patent, titled, "Combinations and Modes of Administration of Therapeutic Agents and Combination Therapy." A copy of the '348 Patent is attached hereto as Exhibit C.

7.     On August 11, 2015, the PTO duly and lawfully issued the '543 Patent, titled, "Combinations and Modes of Administration of Therapeutic Agents and Combination Therapy." A copy of the '543 Patent is attached hereto as Exhibit D.

8.     On July 19, 2016, the PTO duly and lawfully issued the '318 Patent, titled, "Methods of Treating Cancer." A copy of the '318 Patent is attached hereto as Exhibit E.

9.     On December 6, 2016, the PTO duly and lawfully issued the '046 Patent, titled, "Methods of Treating Pancreatic Cancer." A copy of the '046 Patent is attached hereto as Exhibit F.

10.     On March 21, 2017, the PTO duly and lawfully issued the '409 Patent, titled, "Methods of Treating Cancer." A copy of the '409 Patent is attached hereto as Exhibit G.

### The Abraxane® Drug Product

11.     Abraxane® is an FDA-approved prescription medicine used for the treatment of certain hard-to-treat forms of cancer, including: (1) metastatic breast cancer (after failure of combination chemotherapy for metastatic disease or relapse within six months of adjuvant chemotherapy); (2) locally advanced or metastatic non-small cell lung cancer, as first-line treatment in combination with carboplatin, in patients who are not candidates for curative surgery or radiation therapy; and (3) metastatic adenocarcinoma of the pancreas as first-line treatment, in combination with gemcitabine. The claims of the Patents-in-Suit cover, *inter alia*, methods of use and administration of paclitaxel protein-bound particles for injection, including Abraxane®.

12.     Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to Abraxane®.

13.    The labeling for Abraxane® instructs and encourages physicians, other healthcare workers, and patients to administer Abraxane® according to one or more of the methods claimed in the Patents-in-Suit.

### Jurisdiction and Venue

14.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

15.    This Court has personal jurisdiction over Qilu by virtue of, *inter alia*, its systematic and continuous contacts with the State of New Jersey.  On information and belief, Qilu is in the business of, among other things, manufacturing, marketing, importing, offering for sale, and selling pharmaceutical products, including generic drug products, throughout the United States, including in this Judicial District.  On information and belief, Qilu has purposefully conducted and continues to conduct business in this Judicial District, including the purposeful sale and distribution of drug products.  On information and belief, Qilu regularly and continuously transacts business in New Jersey.  On information and belief, this Judicial District will be a destination for the generic drug products described in Qilu's ANDA.

16.    On information and belief, Qilu prepares and/or aids in the preparation and submission of ANDAs to the FDA.  On information and belief, Qilu actively participated in the preparation and/or filing of Qilu's ANDA.

17.    On information and belief, Qilu derives substantial revenue from selling generic products throughout the United States and/or active pharmaceutical ingredient(s) used in various generic pharmaceutical products throughout the United States, including in this Judicial District.

18.    This Court has personal jurisdiction over Qilu because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in New Jersey, including directly or

indirectly through its subsidiaries, agents, and/or alter egos, including Qilu Pharma, Inc., a company with a place of business in Princeton, New Jersey and that is registered with the State of New Jersey's Division of Revenue and Enterprise Services (ID No. 0400704255); and (2) maintains extensive and systematic contacts with the State of New Jersey, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in New Jersey, including through, directly or indirectly, Qilu Pharma, Inc.

19.     This Court has personal jurisdiction over Qilu because, *inter alia*, it has committed an act of patent infringement under 35 U.S.C. § 271(e)(2), and, on information and belief, Qilu intends a future course of conduct that includes acts of patent infringement in New Jersey.  These acts have led and will continue to lead to foreseeable harm and injury to Abraxis in New Jersey and in this Judicial District.  For example, on information and belief, Qilu will work alone or in concert with one of its New Jersey subsidiaries, agents, and/or alter egos towards the regulatory approval, manufacturing, use, importation, marketing, sale, offer for sale, and distribution of generic pharmaceutical products, including Qilu's ANDA Product, throughout the United States, including in New Jersey and in this Judicial District, prior to the expiration of the Patents-in-Suit.

20.     This Court has personal jurisdiction over Qilu because the requirements of Federal Rule of Civil Procedure 4(k)(2) are met as (a) Plaintiff's claims arise under federal law; (b) Qilu is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Qilu has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting ANDAs to the FDA and/or manufacturing, importing, offering to sell, and/or selling pharmaceutical products that are distributed throughout the United States, such that this Court's exercise of jurisdiction over Qilu satisfies due process.

21.    On information and belief, Qilu seeks approval from the FDA to sell Qilu's ANDA Product throughout the United States, including in this Judicial District, and intends to market, sell, and/or distribute Qilu's ANDA Product to residents of New Jersey upon approval of Qilu's ANDA, either directly or through at least one of its subsidiaries, agents, and/or alter egos, including Qilu Pharma, Inc.

22.    On information and belief, Qilu has previously been sued in this Judicial District and has not challenged personal jurisdiction. *See, e.g., Impax Labs., LLC v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 25-1962 (D.N.J.); *Astella Pharma Inc., et al. v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 24-8217 (D.N.J.).

23.    Qilu has further availed itself of the jurisdiction of this Court by previously asserting counterclaims in this jurisdiction. *See, e.g., Impax Labs., LLC v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 25-1962 (D.N.J.); *Astella Pharma Inc., et al. v. Qilu Pharm. (Hainan) Co., Ltd., et al.*, No. 24-8217 (D.N.J.).

24.    Venue is proper in this Judicial District pursuant to 28 U.S.C. §§ 1391 and/or 1400(b) because, *inter alia*, Qilu is a company organized and existing under the laws of China and may be sued in any judicial district. 28 U.S.C. § 1391(c)(3).

## Acts Giving Rise To This Suit

25.    Pursuant to Section 505 of the Federal Food Drug and Cosmetic Act, Qilu filed Qilu's ANDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, or importation in or into the United States of Qilu's ANDA Product before the Patents-in-Suit expire.

26.     On information and belief, following FDA approval of Qilu's ANDA, Qilu will make, use, offer for sale, or sell Qilu's ANDA Product throughout the United States, or import such generic products into the United States.

27.     On information and belief, in connection with the filing of Qilu's ANDA as described above, Qilu provided a written certification to the FDA, pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Qilu's Paragraph IV Certification").

28.     No earlier than November 26, 2025, Qilu sent written notice of its Paragraph IV Certification to Abraxis ("Qilu's Notice Letter"). Qilu's Notice Letter informed Abraxis that Qilu seeks approval to market Qilu's ANDA Product before the Patents-in-Suit expire.

### Count I: Infringement of the '891 Patent

29.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

30.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the expiration of the '891 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

31.     There is a justiciable controversy between the parties hereto as to the infringement of the '891 Patent.

32.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '891 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

33.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '891 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '891 Patent and knowledge that its acts are encouraging infringement.

34.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '891 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '891 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

35.     Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '891 Patent is not enjoined.

36.     Abraxis does not have an adequate remedy at law.

37.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count II: Infringement of the '375 Patent

38.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

39.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the

- 8 -

expiration of the '375 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

40.    There is a justiciable controversy between the parties hereto as to the infringement of the '375 Patent.

41.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '375 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

42.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '375 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '375 Patent and knowledge that its acts are encouraging infringement.

43.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '375 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '375 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

44.    Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '375 Patent is not enjoined.

45.    Abraxis does not have an adequate remedy at law.

46.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count III: Infringement of the '348 Patent

47.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

48.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the expiration of the '348 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

49.     There is a justiciable controversy between the parties hereto as to the infringement of the '348 Patent.

50.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '348 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

51.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '348 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '348 Patent and knowledge that its acts are encouraging infringement.

52.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '348 Patent under 35 U.S.C. § 271(c) by

making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States. On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '348 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

53. Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '348 Patent is not enjoined.

54. Abraxis does not have an adequate remedy at law.

55. This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count IV: Infringement of the '543 Patent

56. Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

57. Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the expiration of the '543 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

58. There is a justiciable controversy between the parties hereto as to the infringement of the '543 Patent.

59. Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '543 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

60.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '543 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '543 Patent and knowledge that its acts are encouraging infringement.

61.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '543 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '543 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

62.     Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '543 Patent is not enjoined.

63.     Abraxis does not have an adequate remedy at law.

64.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count V: Infringement of the '318 Patent

65.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

66.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the

- 12 -

expiration of the '318 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

67.    There is a justiciable controversy between the parties hereto as to the infringement of the '318 Patent.

68.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '318 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

69.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '318 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '318 Patent and knowledge that its acts are encouraging infringement.

70.    Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '318 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '318 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

71.    Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '318 Patent is not enjoined.

72.    Abraxis does not have an adequate remedy at law.

73.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VI: Infringement of the '046 Patent

74.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if fully set forth herein.

75.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the expiration of the '046 Patent, constitutes infringement of one or more of the claims of that patent under 35 U.S.C. § 271(e)(2)(A).

76.     There is a justiciable controversy between the parties hereto as to the infringement of the '046 Patent.

77.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will infringe one or more claims of the '046 Patent under 35 U.S.C. § 271(a) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

78.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '046 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '046 Patent and knowledge that its acts are encouraging infringement.

79.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '046 Patent under 35 U.S.C. § 271(c) by

- 14 -

making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the

United States. On information and belief, Qilu has had and continues to have knowledge that

Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the

'046 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

80.     Abraxis will be substantially and irreparably damaged and harmed if Qilu's

infringement of the '046 Patent is not enjoined.

81.     Abraxis does not have an adequate remedy at law.

82.     This case is an exceptional one, and Abraxis is entitled to an award of its

reasonable attorneys' fees under 35 U.S.C. § 285.

### Count VII: Infringement of the '409 Patent

83.     Abraxis repeats and realleges the allegations of the preceding paragraphs as if

fully set forth herein.

84.     Qilu's submission of Qilu's ANDA, with the accompanying Paragraph IV

Certification and notice to Abraxis of same, to engage in the commercial manufacture, use, sale,

offer for sale, or importation into the United States of Qilu's ANDA Product, prior to the

expiration of the '409 Patent, constitutes infringement of one or more of the claims of that patent

under 35 U.S.C. § 271(e)(2)(A).

85.     There is a justiciable controversy between the parties hereto as to the infringement

of the '409 Patent.

86.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will

infringe one or more claims of the '409 Patent under 35 U.S.C. § 271(a) by making, using,

offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.

87.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will induce infringement of one or more claims of the '409 Patent under 35 U.S.C. § 271(b) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, upon FDA approval of Qilu's ANDA, Qilu will intentionally encourage acts of direct infringement with knowledge of the '409 Patent and knowledge that its acts are encouraging infringement.

88.     Unless enjoined by this Court, upon FDA approval of Qilu's ANDA, Qilu will contributorily infringe one or more claims of the '409 Patent under 35 U.S.C. § 271(c) by making, using, offering to sell, selling, and/or importing Qilu's ANDA Product in or into the United States.  On information and belief, Qilu has had and continues to have knowledge that Qilu's ANDA Product is especially adapted for a use that infringes one or more claims of the '409 Patent and that there is no substantial non-infringing use for Qilu's ANDA Product.

89.     Abraxis will be substantially and irreparably damaged and harmed if Qilu's infringement of the '409 Patent is not enjoined.

90.     Abraxis does not have an adequate remedy at law.

91.     This case is an exceptional one, and Abraxis is entitled to an award of its reasonable attorneys' fees under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Abraxis respectfully requests the following relief:

(A)     A Judgment that Qilu has infringed the Patents-in-Suit by submitting ANDA No. 220144;

(B)     A Judgment that Qilu has infringed, and that Qilu's making, using, offering to sell, selling, or importing Qilu's ANDA Product will infringe one or more claims of the Patents-in-Suit;

- 16 -

(C)     An Order that the effective date of FDA approval of ANDA No. 220144 be a date which is not earlier than the later of the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Abraxis is or becomes entitled;

(D)     Preliminary and permanent injunctions enjoining Qilu and its officers, agents, attorneys and employees, and those acting in privity or concert with them, from making, using, offering to sell, selling, or importing Qilu's ANDA Product until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Abraxis is or becomes entitled;

(E)     A permanent injunction, pursuant to 35 U.S.C. § 271(e)(4)(B), restraining and enjoining Qilu, its officers, agents, attorneys and employees, and those acting in privity or concert with them, from practicing any invention claimed in the Patents-in-Suit, or from actively inducing or contributing to the infringement of any claim of the Patents-in-Suit, until after the expiration of the Patents-in-Suit, or any later expiration of exclusivity to which Qilu is or becomes entitled;

(F)     A Judgment that the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Qilu's ANDA Product will directly infringe, induce and/or contribute to infringement of the Patents-in-Suit;

(G)     To the extent that Qilu has committed any acts with respect to the inventions claimed in the Patents-in-Suit, other than those acts expressly exempted by 35 U.S.C. § 271(e)(1), a Judgment awarding Abraxis damages for such acts;

(H)     If Qilu engages in the commercial manufacture, use, importation into the United States, offer for sale, and/or sale of Qilu's ANDA Product prior to the expiration of the Patents-in-Suit, a Judgment awarding damages to Abraxis resulting from such infringement, together with interest;

(I)    A Judgment declaring that the Patents-in-Suit remain valid and enforceable;

(J)    A Judgment that this is an exceptional case pursuant to 35 U.S.C. § 285 and

awarding Abraxis its attorneys' fees incurred in this action;

(K)    A Judgment awarding Abraxis its costs and expenses incurred in this action; and

(L)    Such further and other relief as this Court may deem just and proper.

Dated:  January 8, 2026

*Of Counsel*:

F. Dominic Cerrito
Andrew S. Chalson
Marta Godecki
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Ave.
New York, NY 10016
(212) 849-7000

By: s/ Charles M. Lizza
    Charles M. Lizza
    Sarah A. Sullivan
    Alexander L. Callo
    SAUL EWING LLP
    One Riverfront Plaza, Suite 1520
    Newark, NJ  07102-5426
    (973) 286-6700
    clizza@saul.com

    *Attorneys for Plaintiff*
    *Abraxis BioScience, LLC*

- 18 -

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2 AND 40.1**

I hereby certify that the matter in controversy involves one of the same Plaintiffs and certain of the same patents that were at issue in the matters captioned *Abraxis Bioscience, LLC, et al. v. HBT Labs, Inc.*, Civil Action No. 18-17304 (JMV)(MF) and *Abraxis Bioscience, LLC v. Hainan Shuangcheng Pharmaceuticals Co., Ltd.*, Civil Action No. 23-750 (KMW)(EAP). These cases were filed on December 17, 2018 and February 8, 2023, respectively, and dismissed on February 7, 2019 and May 4, 2023, respectively.

I further certify that, to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

Dated:  January 8, 2026

*Of Counsel*:

F. Dominic Cerrito
Andrew S. Chalson
Marta Godecki
QUINN EMANUEL URQUHART & SULLIVAN, LLP
295 Fifth Ave.
New York, NY 10016
(212) 849-7000

By: s/ Charles M. Lizza
　　　Charles M. Lizza
　　　Sarah A. Sullivan
　　　Alexander L. Callo
　　　SAUL EWING LLP
　　　One Riverfront Plaza, Suite 1520
　　　Newark, NJ  07102-5426
　　　(973) 286-6700
　　　clizza@saul.com

　　　*Attorneys for Plaintiff*
　　　*Abraxis BioScience, LLC*

- 19 -